*Southern District*

No. 24033

## ALVAN B. HIRSHBERG

v.

## CAPE COD PETROLEUM, INC.,

-and-

## NORMAN WELCH AND CAPE COD

## DISTRIBUTORS, INC., Trustees

*Present:* Nash, C.J., Cox, *Lee, J.J.

Case tried to *Horrocks, J.,* in the First District Court of Barnstable. No. 24033

*Lee, J.* This is an action of contract to recover $410.00, together with $12.30 as interest,

making a total of $422.30. The defendant seasonably filed a demurrer to the plaintiff's declaration, setting forth the following grounds:

1. The plaintiff's declaration and the account annexed thereto, marked "A", are lacking in substantive facts necessary to constitute a cause of action.

2. The plaintiff has not set forth any facts with conciseness and with such substantial certainty as is required by the provisions of General Laws, Chapter 231, Section 7.

3. The allegations contained in the plaintiff's declaration and in the account annexed thereto, marked "A", are too vague and too indefinite to be capable of being intelligently answered to by the defendant.

4. The plaintiff's declaration and the account annexed thereto marked "A" lack a sufficient bill of particulars to enable the defendant to answer thereto, and constitute a mass of ambiguity.

On June 3, 1966, the court entered an order overruling the defendant's demurrer.

The defendant claims to be aggrieved by the court's overruling of the demurrer and that decision is the only question before us for determination.

■ There was no error. The declaration sets forth with substantial certainty the substantive facts necessary to constitute a cause of action.

■ This declaration was on a common count

and by statute need only state a conclusion as to liability such as the defendant owes a certain sum for services rendered, G.L. c. 231, § 7. The plaintiff has compiled with the statute. Such a count, however, must be accompanied by a bill of particulars and this apparently is where the defendant claims to be mainly aggrieved.

 We find that the plaintiff has complied with the form and the intent of the statute and if there is some information missing which the defendant seeks in order to intelligently prepare its defense, it has at least two remedies available to it. It may seek additional particulars, G.L. c. 231, § 70, or file interrogatories under G.L. c. 231, § 61.

A review of the plaintiff's pleadings in this case leads us to the conclusion that the trial justice was correct in overruling the defendant's demurrer.

There being no prejudicial error, **the report is ordered dismissed.**

MARSHALL M. DRANETZ

of Hyannis for the Plaintiff

MAURICE H. KRAMER

of Boston for the Defendant